Haight, J.
This action was brought to recover for money loaned. The defense was payment. The referee in substance found that the plaintiff was the wife of Jonathan Chamberlain and step-mother of ■ David W. Chamberlain. That she, through her husband and step-son, deposited four drafts with the defendant amounting in the aggregate to $4,800. The drafts were payable to the order of Jonathan Chamberlain, endorsed by Jonathan Chamberlain to the order of David W. Chamberlain, and by David W. Chamberlain to the order, of the defendant. The drafts were received by the defendant and credited to the account of David W. Chamberlain. The referee further found in substance that David W. had purchased a lot in the village of Caledonia, and that it was understood between the plaintiff, *306 her husband and David W., that a house should be built upon the lot and that David W. should pay for the same from time to time out of the money so loaned to the defendant, and for that purpose, and for the purpose of family supplies he was authorized to draw the money; that David W. did, from time to time, draw money upon such account to pay for the building erected on such lot, and also other sums which were paid over to the plaintiff or her husband for family supplies, amounting in the aggregate to about $3,800; that he also drew the balance of the account, amounting to about the sum of $1,000, which he converted to his own use. As a conclusion of law the referee found that the complaint should be dismissed.
Several exceptions were taken to the referee’s report, the chief of which is that David W. Chamberlain was the agent of the plaintiff to disburse or pay out the moneys loaned by him to the defendant. But it appears to us that the evidence upon this branch is ample. He was not only her agent in paying out and disbursing the moneys, but he effected the loan for her and did the business connected therewith.
David W. Chamberlain was sworn as a witness for the plaintiff, and on his cross-examination testified that the money came to his hands in the way it did with the knowledge of his mother; that she knew of the general method of expenditure, and the fact that he drew against the fund from time to time for various purposes; that she never drew against it at all, except as it was done through the witness; that she was aware of the fact that the witness was using the fund in respect to the building and in various other ways, and she knew it all along for years before this action was pending. The plaintiff herself testified upon a former trial, and the same was proved as an admission on this trial, that she knew of the fact that David W. was so drawing upon this account; and that she herself never drew any money on the account; and that she had never had any conversation with the defendant upon the subject of the "money; that all payments upon the account were made directly to David W. Chamberlain. It appears to us that this evidence shows an authority for David W. to draw and expend the money, and that such authority protects the defendant as to the payments made to him on that account. It being substantially undisputed that the account had been drawn in full, it follows that the referee properly dismissed the complaint.
We are of the opinion that the report may properly be sustained for the reasons given by the referee in his opinion: that David W. had authority to draw money upon the account for certain purposes; and that the defendant was *307 not informed of the purposes for which David W. had authority to draw money, except to pay on the contract for building the house; that all the defendant knew or had reason to believe was that David W. took the credit and drew and expended the money, with the approval of his father and mother.
But there is another view upon which we think this judgment should properly be sustained. Our reading of the testimony taken upon the trial has failed to disclose any evidence showing that the defendant ever knew or understood that the plaintiff had ever deposited with or loaned any money to him. On the contrary the defendant testified that there was nothing said about its being a loan from either Jonathan or Harriet Chamberlain until about the time that David W. left his employ. Jonathan Chamberlain testified that nothing was said between him and the defendant on the subject of the matter of the loan, the time of the loan or the amount. The evidence of Jonathan Chamberlain, David W. and the defendant substantially agree that David W. first spoke to the defendant about taking the money that his father and mother had derived from the sale of the farm; that the defendant consented to take it on deposit and allow the cnstomary interest; that the plaintiff and her husband, Jonathan Chamberlain, and David W. lived together, and David W. Chamberlain and his father came to the office of the defendant, and David W. asked his father for the drafts; that the father thereupon took the drafts from an inside pocket; that the drafts were payable to the order of Jonathan Chamberlain, and were by him endorsed over to the order of David W. Chamberlain; that David W. Chamberlain thereupon took the drafts and endorsed them over to the defendant, who took them and put them in his pocket; that David W. Chamberlain was in the employ of the defendant, acting as bookkeeper, cashier and clerk; that David W. Chamberlain took the books and entered thereon a credit of the drafts to himself in his individual account with the defendant. David W. did all of the talk with the defendant with reference to the making of the loan. When the drafts were endorsed payable to the order of David W. Chamberlain and delivered to him he was invested with the indicia of title, having the possession, and, as such, transferred the drafts to the defendant and credited himself with the amount thereof upon the defendant’s books. It is but reasonable that the defendant should have understood from this transaction that he was dealing with David W. Chamberlain as a principal and not as an agent; if so then the defendant would be protected in the payments made to David W. in good faith without knowledge of his agency, *308 even though he in fact was the agent of the plaintiff. See Laing v. Butler (37 Hun, 144), and authorities there cited. The judgment should be affirmed.
Bradley and Lewis, JJ., concur.